UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

C.A. 06 78S

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

Plaintiff,

v.

INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL 57,

Defendant.

CIVIL ACTION

FILE NO.

COMPLAINT

Plaintiff, Elaine L.Chao, Secretary of the United States Department of Labor, hereby alleges:

(1) This action arises under Title I of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, and is brought to enjoin acts which violate any provision of Title I of ERISA, to redress violations, and to obtain other appropriate equitable relief necessary to enforce the provisions of Title I of ERISA, pursuant to ERISA § 502(a)(5), 29 U.S.C. § 1132(a)(5). This action also arises under the Fair Labor Standards Act of 1938, as amended, (FLSA), 29 U.S.C. § 201, *et seq.*, and is brought to enjoin defendant employer International Union of Operating Engineers (IUOE), Local 57, from violating the provisions of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).

(2) The Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and Section 17 of the FLSA, 29 U.S.C. § 217.

(3) Venue with respect to this action lies in the District of Rhode Island pursuant to ERISA §502(e)(2), 29 U.S.C. § 1132(e)(2).

(4) International Union of Operating Engineers, Local 57, ("IUOE" or "the Union") is a union whose business office is located at 141 Gano Street, Providence, Rhode Island within the jurisdiction of the Court. The Union, as part of its service to its membership, sponsors training programs, apprenticeship programs and health and pension fund plans. The Union, and its affiliated funds and programs, employed and employs clerical and administrative staff at its business office to manage and administer these plans and services. As such the Union is an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), and FLSA § 3(d), 29 U.S.C. § 203(d).

(5) The clerical and administrative staff employed by the Union, and its affiliated programs and funds, at its business office are deemed employees within the meaning of FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

(6) In 1989, the Union established the IUOE Local 57 Annuity Plan ("Annuity Plan" or "the Plan") to provide retirement benefits to its Union member participants and beneficiaries. It is an employee pension benefit plan within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A), and is covered under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a).

(7) The Plan, a defined contribution plan, is funded solely by employer contributions made in accordance with applicable collective bargaining agreements and at fixed rates per payroll hour. Pursuant to the Plan's Trust Agreement, all employees of the Union, which as of June, 1996 included office workers of the Union and its affiliated programs and funds, are to receive the same per hour contribution amount to the Plan.

(8) Roberta Long ("Long") was a full-time employee of the IUOE from January 21, 1992 to June 20, 2002. Long became a participant in the Union's Annuity Plan as of June, 1996. Long was

employed at the Union business office as Administrative Assistant for the Union's benefit plans, performing clerical and administrative tasks.

(9) Starting in June, 2001, Long made inquiries of Edwin Sullivan Jr., Long's supervisor and the Union Business Manager, concerning the accuracy of the hourly Annuity Plan contribution amount made on behalf of Long, and sought his assistance to rectify any improper contribution rate differential. She also requested, in writing, documentation and information from G. Chandler Beals, who effectively functioned as the plan administrator, regarding her Annuity Plan benefits. Her requests went unheeded for several months.

(10) In December, 2001 and January, 2002, Long contacted the Boston Regional Office of the Employee Benefits Security Administration ("EBSA") (formerly the Pension and Welfare Benefits Administration), U.S. Department of Labor, to assist her in obtaining additional information about the Annuity Plan and her Plan benefits from the Union. From January through April, 2002, EBSA contacted the Plan Administrator, G. Chandler Beals, on behalf of Long, inquiring into the matter of the contribution differential. By letter dated June 6, 2002, Long complained to EBSA about her unsuccessful attempts to have the matter rectified by the Union.

(11) In early Spring, 2002, Long filed a complaint with the Rhode Island Department of Labor alleging that during calendar year 2001 the Union had failed to compensate her for all hours worked, including hours worked in excess of 40 per week. In response to her complaint, the Rhode Island Department of Labor sent a demand notice of failure to pay to the Union, dated March 21, 2002. Long received no payment of back wages.

(12) On May 31, 2002, Long filed a complaint with the United States Department of Labor, Wage and Hour Division alleging that the Union had failed to compensate her for all hours worked, including hours worked in excess of 40 per week.

(13) In June, 2002, Long informed Edwin Sullivan, Jr. of complaints she filed with the United States Department of Labor, Employee Benefits Security Administration and Wage and Hour Division. On June 20, 2002, Long was terminated from her employment with the Union.

(14) Long's termination of employment was motivated by the Union's intent to retaliate against Long for complaining about the Union's alleged discrepant hourly contribution rate to the Annuity Plan and the Union's failure to pay back wages due and owing for all hours she worked.

(15) As a result of the conduct set forth at paragraphs 13-14, Defendant IUOE violated ERISA § 510, 29 U.S.C. § 1140, by terminating Long's employment in retaliation for her complaining about Defendant IUOE's hourly contribution rate to the Annuity Plan.

(16) As a result of the conduct set forth at paragraphs 13-14, Defendant IUOE knowingly and willfully violated FLSA § 15(a)(3), 29 U.S.C. § 215(a)(3), by terminating Long's employment in retaliation for her complaining about Defendant IUOE's failure to compensate her for all hours worked.

WHEREFORE, the Secretary of Labor prays that this Court enter an Order:

(1) Permanently enjoining and restraining Defendant IUOE from violating, or knowingly participating in violations of, the provisions of ERISA §510, 29 U.S.C. §1140, and FLSA § 15(a)(3), 29 U.S.C. § 215(a)(3).

(2) Requiring Defendant IUOE to make all appropriate equitable relief to Long to effectuate the purposes of ERISA;

(3) Requiring Defendant IUOE to make all appropriate legal or equitable relief to Long to effectuate the purposes of FLSA § 15(a)(3), 29 U.S.C. § 215 (a)(3), including without

limitation employment, reinstatement, promotion, and the payment of lost wages and an additional equal amount as liquidated damages, as provided in FLSA § 16(b), 29 U.S.C. § 216(b).

(4) Awarding to the Secretary the costs of this action, and other relief as is equitable and just.

Margaret E. Curran
U.S. Attorney
District of Rhode Island
Fleet Center
50 Kennedy Plaza, 8th fl.
Providence, RI 02903
TEL: (401) 528-5477

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

Gail E. Glick
Attorney

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

DATE: 2-16-06