**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ELAINE L. CHAO, Secretary of Labor,** **United States Department of Labor** | : | |
| **Vs.** | : | **C.A. No.: 1:06-CV-00078-S-LDA** |
| **INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 57** | : | |

**ANSWER, AFFIRMATIVE DEFENSES AND JURY TRIAL DEMAND**

Now comes the Defendant, International Union of Operating Engineers, Local 57, and for its Answer avers and states:

1. The allegations obtained in paragraph 1 are allegations to which no responsive pleading is required.

2. Denied.

3. Denied.

4. The International Union of Operating Engineers, Local 57 ("Local 57") admits that it is a Union whose principle office is located at 141 Gano Street, Providence, Rhode Island within the jurisdiction of the Court. Local 57 admits that it employs clerical and administrative staff in its office. Local 57 denies the remaining allegations contained in paragraph 4.

5. Denied.

6. Local 57 admits that the IUOE Local 57 Annuity Plan was established in 1989 to provide retirement benefits to participants and beneficiaries, and that it is a pension benefit plan within the meaning of ERISA. Local 57 denies the remaining allegations contained in paragraph 6.

7. Denied.

8. Local 57 admits that Roberta Long was a full time employee of Local 57 from approximately January 1, 1992 through approximately June 20, 2002 and became a participant in the Annuity Plan in or about June, 1996. Local 57 admits that Long was employed at the Union's office as an administrative assistant. Local 57 denies the remaining allegations contained in paragraph 8.

9. Local 57 admits that Long demanded that she receive annuity fund contributions equivalent to those received by Sullivan and other Union staff, although her duties and wages were not comparable. Local 57 denies the remaining allegations contained in paragraph 9.

10. Local 57 is without knowledge sufficient to form a belief as to the truth of allegations contained in paragraph 10, and therefore denies these allegations.

11. Local 57 admits that Long filed a complaint with the Rhode Island Department of Labor ["RIDOL"] alleging that it had failed to compensate her for all hours worked. Local 57 denies that the Rhode Island Department of Labor sent "a demand of failure to pay" to the Union. Local 57 admits that Long received no payment of back wages, averring further that this is because Long was not entitled to any payment of back wages and no action for underpayment of wages has ever been filed by Long or RIDOL against Local 57.

12. Local 57 admits that Long filed a complaint with the United States Department of Labor, Wage and Hour Division, and further avers that this

Complaint essentially duplicated the previous complaint to RIDOL. Local 57 is without knowledge sufficient to form a belief as to when Long filed the Complaint, and therefore denies this allegation. Local 57 further avers this Complaint was also determined to be without merit and Long received no payment or back wages in relation to this allegation. Local 57 denies the remaining allegations contained in paragraph 12.

13. Local 57 admits that on or about June 20, 2002, Long was terminated from her employment with the Union. Local 57 denies the remaining allegations contained in paragraph 13.

14. Denied.

15. Denied.

16. Denied.

Wherefore, Local 57 prays that the Complaint be dismissed and Local 57 be awarded its counsel fees and costs.

**AFFIRMATIVE DEFENSES**

1. The Complaint is barred by the Doctrine of Settlement and Accord, in that Plaintiff and Defendant reached a settlement of the case.

2. The Complaint is barred for failure to join an indispensable party, Roberta Long.

3. The action is barred by the applicable period of limitations.

4. The Complaint is barred for lack of subject matter jurisdiction, in that Defendant is not an "employer" within the meaning of the FLSA.

5. The claim for damages is barred by Long's failure to mitigate damages.

6. The Complaint is barred because Local 57 has a legitimate non-retaliatory reason for discharging Long.

**JURY TRIAL DEMAND**

Defendant demands trial by jury on all issues triable by right to a jury.

Marc B. Gursky Esq. (#2818)
Gursky Law Associates
420 Scrabbletown Road, Ste. C
North Kingstown, RI 02852
Telephone: (401) 294-4700
Facsimile: (401) 294-4702

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within Answer, postage pre-paid, on the 21 day of April, 2006 to the following:

Gail Glick, Esquire
Employee Benefits Security Administration
J.F. Kennedy Federal Building
Officer of the Solicitor
Room E-375
Boston, MA 02203