UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, Plaintiff, | | CIVIL ACTION |
| v. | | FILE NO. 06-78 S |
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 57, Defendant. | | |

**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES**

In accordance with Rule 37(a) of the Federal Rules of Civil Procedure, Plaintiff moves for an Order compelling Defendant to respond to Interrogatories. In support of this Motion to Compel, Plaintiff submits the following:

1. On June 29, 2006, Plaintiff served on Defendant Plaintiff's First Set of Interrogatories and First Request for Production of Documents, attached hereto as Exhibit A.

2. Defendant's responses to both the Interrogatories and Document Requests were not received by Plaintiff until September 27, 2006 – forty-two days overdue, even allowing for an extension of time granted by Plaintiff as a courtesy, attached hereto as Exhibit B. Defendant's responses arrived in Boston on the afternoon of the day Plaintiff's noticed depositions were scheduled to commence in Providence that morning. Without benefit of

Defendant's discovery responses and faced with Defendant's refusal to hold the depositions open to permit Plaintiff the opportunity to receive and review said discovery responses, Plaintiff had no alternative but to reschedule the depositions. See deposition record attached hereto as Exhibit C.

3. Defendant's responses to several interrogatories and document requests were evasive or incomplete, which Plaintiff treated as a failure to answer pursuant to Fed. R. Civ. P. 37(a)(3).

4. By letter dated September 28, 2006, attached hereto as Exhibit D, Plaintiff communicated to Defendant those deficiencies and asked him to confer in an attempt to resolve the outstanding issues, pursuant to Fed. R. Civ. P. 37(a)(2)(B).

5. On October 4, 2006, Plaintiff and Defendant conferred about the outstanding issues. Plaintiff reiterated her request for adequate responses to identified Interrogatories and Document Requests, and that Plaintiff be in receipt of such adequate responses on or before October 6. See Certification attached hereto as Exhibit E.

6. On October 5, 2006, Plaintiff received Defendant's Supplemental Responses, attached hereto as Exhibit F.

7. Upon review of the Supplemental Responses, Plaintiff identified continuing deficiencies in Defendant's Responses to certain Interrogatories, namely Interrogatory Nos. 6 and 7.

8. By letter dated October 6, 2006, attached hereto as Exhibit G, Plaintiff communicated her demand for more adequate responses to Interrogatory Nos. 6 and 7, to be received by Plaintiff no later than October 11, 2006. Plaintiff further indicated that proceeding with Plaintiff's depositions – rescheduled yet again to October 13 and 18, 2006

due to the unavailability of Defendant's witnesses -- is predicated on Plaintiff's receipt of sufficiently adequate responses to Plaintiff's Interrogatories.

## <u>Interrogatories At Issue</u>

**Interrogatory No. 6:**
Provide the factual and/or legal bases for each and every denial Defendant asserts in its Answer to the Complaint filed on April 21, 2006. [Defendant asserted denials to paragraphs 2, 3,5, 7, 14, 15 and 16 of the Complaint].

**Response:** Objection, attorney/client privilege.

**Supplemental Response**: Defendant will respond with the factual basis for its denials only.

With regard to paragraph 2 of the Complaint, Defendant denies that it is engaged in any conduct sufficient to invoke the Court's jurisdiction under the cited provisions.

With regard to paragraph 3, Defendant denies that it is engaged in any conduct sufficient to invoke the Court's jurisdiction under ERISA.

[No response regarding denial to paragraph 5.]

With regard to paragraph 7, the allegation inaccurately claims that the Plan is funded solely by employer contributions. The Trust Agreement does not in fact require the same per hour contribution to the Plan.

With regard to paragraph 15, the conduct set forth in paragraphs 13 and 14 has been denied.

With regard to paragraph 16, the conduct alleged in paragraphs 13 and 14 has been denied.

**Interrogatory No. 7**:
Provide the factual and/or legal bases for each and every affirmative defense Defendant asserts in its Answer to the Complaint filed on April 21, 2006.

**Response:** Objection, work product and attorney/client privilege.

**Supplemental Response:** Defendant will respond with the factual basis for its denials only.

With regard to the Second Affirmative Defense, Long is not a party to the Complaint.

With regard to the Third Affirmative Defense, Local 57 is not an employer within the meaning of ERISA.

**Discussion**

Plaintiff seeks information central to the prosecution of her case. Plaintiff is otherwise unable to obtain the information and/or documents requested in her Discovery requests. The interrogatories and document requests cited herein clearly seek factual information directly related to the essence of this litigation and, thus, are clearly calculated to lead to the discovery of admissible evidence. Defendant's initial responses failed to provide the information requested on the basis of unsubstantiated, blanket claims of privilege, without any explanation. Such responses do not constitute compliance with the Federal Rules of Civil Procedure. Such is the case with respect to Defendant's responses to Interrogatories Nos. 6 and 7.

Defendant, in its Answer to the Complaint, asserts Denials and Affirmative Defenses. In its responses Plaintiff's Interrogatories (Nos. 6 and 7) seeking the factual bases for these assertions, Defendant claims attorney-client privilege and attorney work product, without any explication whatsoever. Rule 33 of the Federal Rules of Civil Procedure requires parties to answer each interrogatory fully, and if a party objects to the interrogatory, then the objecting party shall state with *specificity* the basis for the objection. Defendant has failed to do this, as is evident from its supplemental responses, which continue to be deficient Insofar as Defendant has been asked to provide the factual bases for its Denials and assertions of Affirmative Defenses, several of Defendant's responses, as noted above, present no facts, merely legal conclusions.

The factual information Plaintiff seeks is, by any reasonable measure, information she is entitled to discover.

WHEREFORE, in accordance with Rule 37 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests the Court to issue an Order compelling Defendant to adequately respond to Plaintiff's Interrogatories Nos. 6 and 7.

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

*/s/ Gail E. Glick*
Gail E. Glick
Attorney

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

DATE: October 13, 2006