EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, Plaintiff, | | CIVIL ACTION |
| v. | | FILE NO. 06-78 S |
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 57, Defendant. | | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant produce and make available for copying at the United States Department of Labor, Office of the Solicitor, John F. Kennedy Federal Building, Room E-375, Boston, Massachusetts 02203, within thirty (30) days of service, the following documents.

### Definitions

A. The term "document" means a tangible medium that contains information of any sort, including, but not limited to, contracts, agreements, correspondence, memoranda, reports, emails, word processing documents, electronic data files, electronic or instant mail messages or other exchanges of information between computers, facsimiles, electronic or taped voice messages, spreadsheets, charts, graphs, photographs, work papers, notes, drafts, marginal notations, tape recordings, bills, invoices, account

statements, checks, receipts, confirmations of electronic transactions, ledger books and associated journals, summaries or records of telephone conversations, personal conversations, negotiations or interviews, minutes or records of meetings or conferences, and all other written, printed, electronic, recorded or photographic matter or sound reproductions, however produced or reproduced. A draft or non-identical copy is a separate document within the meaning of this term. Documents maintained in electronic form may be produced in electronic form.

B. The term "relating to" means constituting, referring to, pertaining to, responding to, regarding, evidencing, explaining, discussing, depicting, analyzing, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts, with respect to the subject of the inquiry.

C. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

D. The use of the word "including" shall be construed to mean "without limitation."

E. The singular form of a word shall be construed to include the plural and vice versa; the present tense of a word shall be construed to include the past tense and vice versa.

F. All words and phrases shall be construed as masculine, feminine or gender neutral as necessary to bring within the scope of this subpoena documents that might otherwise be construed to be outside its scope.

## Instructions

You are required to produce all responsive documents which are in your possession or custody or are under your control. You are required to search for, obtain and produce all such responsive documents, including without limitation documents that are in your custody or control but not in your immediate possession. This includes any responsive documents in the possession, custody or control of any person acting on your behalf or under your direction or control, such as your employees, accountants, agents, representatives, attorneys or advisors.

Please produce the documents requested either 1) as they are kept in the usual course of business or 2) organized and labeled to correspond with the numbered requests.

If any document responsive to a request had been but is no longer in your possession, custody or control, please provide a written response stating what disposition was made of the document, the date or dates on which such disposition was made, and the reason for such disposition.

If no documents exist responsive to a particular request, please state so in a written response.

If you do not produce documents because you object to part of a request, please provide a written response stating the precise basis for the objection and produce all documents responsive to the remaining part of the request.

If any documents responsive to any request are withheld because of a claim of privilege, please identify the documents you claim are privileged in a written response,

and please indicate for each such document: 1) the nature of the privilege or protection claimed; 2) the factual basis for claiming the privilege or protection asserted; 3) the subject matter of the document; 4) the type, length and date of the document; 5) the author of and/or signatory on the document; and 6) the identity of each person to whom the document was directed or distributed.

**Documents Requested**

1. All documents which provide the basis (or bases) for, or which are identified in, Defendant's answers to Plaintiff's First Set of Interrogatories.

2. All documents relating to Roberta Long's employment history with Defendant and any of its affiliated training and apprenticeship programs or health, welfare, pension and annuity funds. Such documents shall include but are not limited to work performance appraisals, promotions, awards, bonuses, recognitions, resolutions, complaints, warnings, changes in job responsibilities.

3. All documents relating to Roberta Long's wage or salary history from the date of hire to the date of termination, including but not limited to any and all decisions and resolutions relating to increases or decreases in here salary or wages.

4. All documents relating to the decision-making process and the actions taken by Defendant, including its officers, directors, trustees, agents and employees, that resulted in the termination of Roberta Long's employment with Defendant.

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

Gail E. Glick
Attorney

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

DATE: 6-29-06

CERTIFICATE OF SERVICE

I hereby do certify that I served the foregoing PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS on the 29th day of June, 2006, by placing one (1) copy of same in a postage-paid envelope addressed to:

Marc B. Gursky, Esquire
Gursky Law Associates
420 Scrabbletown Road, Suite C
North Kingston, RI 02852

the last known address and depositing same in the United States Mail at Boston, Massachusetts.

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | | |
| Plaintiff, | | |
| v. | | CIVIL ACTION |
| | | FILE NO. 06-78 S |
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 57, | | |
| Defendant. | | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant answer under oath or affirmation, within thirty (30) days of service thereof, the following interrogatories.

### Definitions

A. "Identify" when used in connection with a natural person means to provide his or her full name, most recent home address, business affiliation, business address, present job title and position and business telephone number.

B. "Identify" when used in connection with a document means to provide the title (if any) and description (e.g., letter) of the document, to identify its author and the recipient(s) (if any), and to provide the date on which it was prepared or received by you, the substance thereof and its last known custodian or location.

C. "Document" has the meaning applied to that term in Fed. R. Civ. P. 34(a), and also includes any tape recording, electronic data, electronic mail messages or other exchanges of information between computers, and all information stored in electronic form. A draft or non-identical copy is a separate document within the meaning of this term.

D. "Describe" when used in connection with an oral conversation means to identify the speakers and to state the precise words spoken or, if that is not possible, the substance of the conversation with as much particularity as possible and to identify all individuals present.

E. "Statement", "representation" or "communication" means any transference of fact, opinion, or other interaction, whether written or oral, regardless of its alleged truth or falsity.

F. "Person" means any natural person or any business, legal or governmental entity or association.

G. "Relating to" means referring to, concerning, describing, evidencing, or constituting.

H. "And" and "or" shall be interpreted liberally as conjunctive, disjunctive, or both, depending on the context, so that the fullest disclosure of information is achieved.

I. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its agents, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

J. "You" or "your" means Defendant.

K. Defendant's "affiliates" includes Defendant's training and apprenticeship programs, and health, pension and annuity funds.

## Instructions

These are continuing interrogatories. Defendant is required to promptly supplement its responses to these interrogatories if further information responsive to these interrogatories becomes available prior to trial.

Each interrogatory is to be answered on the basis of the entire knowledge of Defendant, including information in the possession of its representatives, agents or attorneys.

Any interrogatory answer, which is not based upon personal knowledge of the person signing the interrogatory, should state the basis for the answer.

If you have an objection to all or part of an interrogatory, including the claim by you of any privilege or protection, state the basis for your objection, including any privilege or protection claimed and the basis for the claim. If you object to part of or an aspect of an interrogatory, provide the answer to the remainder of it and identify in general terms the content of any pertinent documents or communications that are subject to your objection.

If you are unable to fully admit or answer any interrogatory, admit or answer as much of the interrogatory as you are able, and state the reason(s) why you are not able to admit or answer the remainder of the interrogatory.

## Interrogatories

1. a. Identify each and every person who had any supervisory responsibilities relating to Roberta Long at any time during her period of employment with Defendant and/or any of its affiliates.

b. For each person so listed, describe in detail the nature of his/her supervisory responsibilities relating to Roberta Long.

2. a. Identify each and every person who participated in the decision to terminate Roberta Long's employment with Defendant.

b. For each person so listed, explain in detail the role each played in the decision-making process to terminate Roberta Long's employment with Defendant.

3. Explain in detail each and every reason which formed Defendant's basis (or bases) for terminating Roberta Long's employment.

4. Explain in detail each and every event or occurrence in support of Defendant's position enumerated in Interrogatory No. 3.

5. a. Identify each and every person who can and will support or corroborate the events or occurrences described by Defendant in Interrogatory No. 4.

b. For each person so listed, explain in detail the nature of his/her role in the events or occurrences described in Interrogatory No. 4.

6. Provide the factual and/or legal bases for each and every denial Defendant asserts in its Answer to the Complaint filed on April 21, 2006.

7. Provide the factual and/or legal bases for each and every affirmative defense Defendant assets in its Answer to the Complaint filed on April 21, 2006.

8. Identify each and every person who furnished information used in preparing the responses to these interrogatories. For each person designate the interrogatory answer(s) for which s/he furnished information.

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

Gail E. Glick
Attorney

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

DATE: 6-29-06

CERTIFICATE OF SERVICE

I hereby do certify that I served the foregoing PLAINTIFF'S FIRST SET OF INTERROGATORIES on the 29th day of June, 2006, by placing one (1) copy of same in a postage-paid envelope addressed to:

Marc B. Gursky, Esquire
Gursky Law Associates
420 Scrabbletown Road, Suite C
North Kingston, RI 02852

the last known address and depositing same in the United States Mail at Boston, Massachusetts.