EXHIBIT B

**GURSKY LAW ASSOCIATES**

September 22, 2006

Gail Glick, Esquire
Employee Benefits Security Administration
J.F. Kennedy Federal Building
Officer of the Solicitor
Room E-375
Boston, MA 02203

RE: IUOE Local 57 / Roberta Long

Dear Ms. Glick:

Enclosed please find our Answers to Interrogatories and response to Plaintiff's Request for Production in the above matter.

Very truly yours,

Marc B. Gursky

MBG:klk

420 Scrabbletown Road Suite C • North Kingstown, Rhode Island 02852
Tel: 401.294.4700 • Fax: 401.294.4702 • Email: rilaborlaw@aol.com

**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ELAINE L. CHAO, Secretary of Labor,** | : | |
| **United States Department of Labor** | : | |
| | : | |
| **Vs.** | : | **C.A. No.: 1:06-CV-00078-S-LDA** |
| | : | |
| **INTERNATIONAL UNION OF** | : | |
| **OPERATING ENGINEERS, LOCAL 57** | : | |

**DEFENDANT, LOCAL 57'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**General Objection**

Local 57 objects to Plaintiff's "Definitions" and "Instructions" insofar as they request information beyond the scope of Rules 33 the Federal Rules of Civil Procedure and/or request information calculated to lead to the discovery of admissible evidence or are over broad, or request information protected by the attorney/client privilege or work product doctrine.

**Interrogatory:**

1. a. Identify each and every person who had any supervisory responsibilities relating to Roberta Long at any time during her period of employment with Defendant and/or any of its affiliates.

b. For each person so listed, describe in detail the nature of his/her supervisory responsibilities relating to Roberta Long.

**Response:**

a. Edwin L. Sullivan, Jr., Local 57 (former) Business Manager, 141 Gano Street, Providence, Rhode Island, 02906. (401) 421-6678; Richard Houlihan, Local 57 Business Agent; James J. White, Local 57 Organizer.

b. Mr. Sullivan had general overall responsibility for the Union office; Mr. Houlihan had supervisory authority with regard to Ms. Long concerning general office, administrative, clerical and secretarial duties; Mr. White had supervisory authority with regard to Ms. Long concerning general office, administrative, clerical and secretarial duties.

**Interrogatory:**

2. a. Identify each and every person who participated in the decision to terminate Roberta Long's employment with Defendant.

b. For each person so listed, explain in detail the role each played in the decision-making process to terminate Roberta Long's employment with Defendant.

**Response:**

a. Mr. Sullivan, Mr. Houlihan, Mr. White, Gerald Candelmo, Bernard Treml, John Bartel, John Tucci, Ellery Wood, George Walker.

b. Mr. Sullivan made the decision to terminate Ms. Long's employment; Mr. White and Mr. Houlihan were consulted concerning their opinion with regard to the decision to terminate Ms. Long's employment; Messrs. Candelmo, Treml,

Bartel, Tucci, Wood and Walker approved the decision in their capacity as members of the Executive Board, along with Mr. Houlihan and Mr. White.

**Interrogatory:**

3. a. Explain in detail each and every reason which formed Defendant's basis (or bases) for terminating Roberta Long's employment.

**Response:**

The basis for Local 57's decision to terminate Ms. Long's employment was her accumulated poor work performance, including refusal to follow reasonable work directives, disrespectful remarks concerning Mr. Sullivan and Mr. White, refusal to cooperate with or accept directives from Mr. White, refusal to cooperate with office scheduling concerning lunch periods, use of unbusinesslike and profane language to co-workers, contractors and other individuals, and insubordination.

**Interrogatory:**

4. Explain in detail each and every event or occurrence in support of Defendant's position enumerated in Interrogatory No. 3.

**Response:**

On or about January 17, 2002, Ms. Long and two other office employees (employed by Local 57 Funds) took lunch at the same time. A union member stopped into the office to pay union dues, and located Ms. Long. Ms. Long told the member that she was on lunch break and would not be accepting union dues. The union member left without paying his dues. The following day, Mr. Sullivan

directed Mr. White to instruct Ms. Long and the other office employees to alternate their lunches to cover the administrative offices. Ms. Long replied to Mr. White "fuck that, I am taking my lunch." Mr. White replied that this was Mr. Sullivan's instruction, to which Ms. Long replied "I don't care." The staffing problem continued. On January 22, Mr. White reminded Ms. Long of the alternating schedule directive, and asked her not to swear at him, to which she responded "this is fucking bullshit Jimmy." As a result of the continued insubordination, Mr. Sullivan was forced to hire an answering service for the administrative office telephone lines.

Following the lunch scheduling episode, Ms. Long became increasingly insubordinate and unprofessional. Ms. Long left work early on January 29, 2002 arrived late on January 30, and failed to staff the office on January 31. Also on January 31, a dispute arose concerning the son of Ms. Long's acquaintance, Frank Pontarelli. Another member was sent to a work assignment rather than Mr. Pontarelli. The following date, Frank Pontarelli, Sr., an official at another union, called to complain that Local 57 had not fairly treated him or his son. Mr. Sullivan and Mr. White determined that the only individual who might have discussed that membership issue with Mr. Pontarelli would have been Ms. Long.

One February 6, 2002 the Local 57 Executive Board voted to adjust Ms. Long's pay to match the hours that she worked. The following week, Local 57's accountant, Larry Parness informed Mr. White that Ms. Long has requested copies of her payroll records dating back to her date of hire in 1992, and had asked the

accountant not to tell Local 57 about the request. Mr. Sullivan objected to Ms. Long's direct request to the accountant, in particularly the request for secrecy, but agreed to provide the payroll records Ms. Long requested.

During March and April, 2002 Ms. Long continued to behave in an unprofessional manner. She refused to make copies for Mr. Sullivan, and was verbally abusive toward him. She used the office postage machine for personal mail. She failed to make airline reservations for Mr. Sullivan that he specifically instructed her to book. In May, 2002, when the Local 57 Executive Board voted to make the building a smoke-free environment, Ms. Long told Mr. White "when will Eddy fucking grow up?." "I just love how you people sit around and think up ways to fuck the people who work here." In May and June, 2002, Ms. Long refused to prepare a union membership list for Mr. White and Mr. Sullivan at his request.

During the period following January 9, 2002, when new office policies were distributed and explained to all employees, Ms. Long expressed her disapproval of the policies and began retaliating against Local 57 in numerous ways. Her attitude and work ethic steadily declined. She became belligerent and uncooperative toward Mr. White, and would assail and belittle people who did not agree with her and at times would drive one of her co-workers to tears. It was not uncommon for Ms. Long to spew a stream of obscenities if someone disagreed with her.

In November and December, 2001, Ms. Long objected to the way that Local 57 was compensating a co-worker, Ms. Giacomini, for a non-work related injury to her hand. The source of Ms. Long's anger was that Ms. Giacomini was receiving temporary disability insurance benefits along with her normal week's salary plus a $50.00 weekly stipend from Local 57. Ms. Long made it clear that she was upset that Ms. Giacomini was making more money to stay home then return to work, and retaliated by making sniping remarks about Ms. Giacomini and the Local's decision to compensate her this way.

From about late 2001 until her termination, Ms. Long made derogatory remarks about Mr. White to a Union contractor, John Roccio, principal at John Roccio Construction Company. Mr. Roccio would typically contact Local 57 about labor relations matters approximately 20 times per year and generally had a cordial business relationship with Mr. Sullivan. However, from about the time Mr. White came to Local 57 until Ms. Long left, Ms. Long spoke negatively about Mr. White. She did not seem to like him as the "new guy" at the Union hall and routinely used profanity, surprisingly at times, in conversations with Mr. Roccio. On one occasion, Ms. Long called Mr. White "an asshole". On one particular occasion, Mr. Roccio called the Union office to speak with one of the Union representatives, and started by asking for Mr. Sullivan, then Mr. Houlihan. Ms. Long replied something like "just the asshole's here" directed to Mr. White. As a result of Ms. Long's remarks about Mr. White, Mr. Roccio had a negative impression of Mr. White and believed that Ms. Long's comments were intended

to, and did undermined him. After dealing with Mr. White on a professional basis for sometime, however, Mr. Roccio informed Mr. Sullivan about Ms. Long's remarks.

**Interrogatory:**

5. a. Identify each and every person who can and will support or corroborate the events or occurrence described by Defendant in Interrogatory No. 4.

b. For each person so listed, explain in detail the nature of his/her role in the events or occurrence described in Interrogatory No. 4.

**Response:**

a and b. See responses to Interrogatories 3 and 4 above. Local 57 reserves the right to supplement this answer based on further discovery.

**Interrogatory:**

6. Provide the factual and/or legal bases for each and every denial Defendant asserts in its Answer to the Complaint filed on April 21, 2006.

**Response:**

Objection, attorney/client privilege.

**Interrogatory:**

7. Provide the factual and/or legal bases for each and every affirmative defense Defendant asserts in its Answer to the Complaint filed on April 21, 2006.

**Response:**

Objection, work product and attorney/client privilege.

**Interrogatory:**

8. Identify each and every person who furnished information used in preparing the responses to these interrogatories. For each person designate the interrogatory answer(s) for which s/he furnished information.

**Response:**

Objection, attorney/client privilege and work product.

Signed under the pains and penalties of perjury.

James White

As to objections,

Marc B. Gursky, 2818
Gursky Law Associates
420 Scrabbletown Road, Ste. C
North Kingstown, RI 02852
Telephone: (401) 294-4700
Facsimile: (401) 294-4702
Email: rilaborlaw@aol.com

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within, postage pre-paid, on the 21 day of September, 2006 to the following:

Gail Glick, Esquire
Employee Benefits Security Administration
J.F. Kennedy Federal Building
Officer of the Solicitor
Room E-375
Boston, MA 02203

Kerrie Kanuski

**Interrogatory:**

8. Identify each and every person who furnished information used in preparing the responses to these interrogatories. For each person designate the interrogatory answer(s) for which s/he furnished information.

**Response:**

Objection, attorney/client privilege and work product.

Signed under the pains and penalties of perjury.

_________________________
James White

As to objections,

______________________________
Marc B. Gursky, 2818
Gursky Law Associates
420 Scrabbletown Road, Ste. C
North Kingstown, RI 02852
Telephone: (401) 294-4700
Facsimile: (401) 294-4702
Email: rilaborlaw@aol.com

**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**ELAINE L. CHAO, Secretary of Labor, :**
**United States Department of Labor :**
**:**
**Vs. : C.A. No.: 1:06-CV-00078-S-LDA**
**:**
**INTERNATIONAL UNION OF :**
**OPERATING ENGINEERS, LOCAL 57 :**

**DEFENDANT, LOCAL 57'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**General Objection**

Local 57 objects to Plaintiff's "Definitions" and "Instructions" insofar as they request information beyond the scope of the Rules of the Federal Rules of Civil Procedure and/or request information calculated to lead to the discovery of admissible evidence or are over broad, or request information protected by the attorney/client privilege or work product doctrine.

**Documents Requested**

**Request:**

1. All documents which provide the basis (or bases) for, or which are identified in Defendant's answers to Plaintiff's First Set of Interrogatories.

**Response:**

Defendant objects to this request on the basis of work product and attorney client privilege insomuch as Plaintiff requests documents "which provide the basis" for Defendant's answers to Plaintiff's first set of interrogatories. No documents are 'identified in" the answers to interrogatories.

**Request:**

2. All documents relating to Roberta Long's employment history with Defendant and any of its affiliated training and apprenticeship programs or health, welfare, pension and annuity funds. Such documents shall include but are not limited to work performance appraisals, promotions, award, bonuses, recognitions, resolutions, complaints, warnings, changes in job responsibilities.

**Response:**

Defendant objects on the basis of over broad, work product and attorney/client privilege.

**Request:**

3. All documents relating to Roberta Long's wage or salary history from the date of hire to the date of termination, including but not limited to any and all decisions and resulting relating to increases or decreases in her salary or wages.

**Response:**

Objection, over broad. Without waiving objection, documents relating to Ms. Long's wage or salary history from date of hire to date of termination are available for inspection and copying.

4. All documents relating to the decision-making process and the actions taken by Defendant, including its officers, directors, trustees, agents and employees, that resulted in the termination of Roberta Long's employment with Defendant.

**Response:**

Objection, attorney/client privilege and work product. Privileged documents are hereby identified as communications between counsel and Local 57. Without waiving objection, Local 57's office policies and Executive Board Minutes have previously been provided to Plaintiff. Those documents are also available for inspection and copying.

IUOE Local 57,
By its attorney,

Marc B. Gursky, 2818
Gursky Law Associates
420 Scrabbletown Road, Ste. C
North Kingstown, RI 02852
Telephone: (401) 294-4700
Facsimile: (401) 294-4702

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within, postage pre-paid, on the 21 day of ~~August,~~ September 2006 to the following:

Gail Glick, Esquire
Employee Benefits Security Administration
J.F. Kennedy Federal Building
Officer of the Solicitor
Room E-375
Boston, MA 02203