EXHIBIT F

**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ELAINE L. CHAO, Secretary of Labor,** **United States Department of Labor** | : | |
| **Vs.** | : | **C.A. No.: 1:06-CV-00078-S-LDA** |
| **INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 57** | : | |

**DEFENDANT, LOCAL 57'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**Interrogatory:**

6. Provide the factual and/or legal bases for each and every denial Defendant asserts in its Answer to the Complaint filed on April 21, 2006.

**Supplemental Response:** By agreement of the parties, Defendant will respond with the factual basis for its denials only.

With regard to paragraph 2 of the Complaint, Defendant denies that it is engaged in any conduct sufficient to invoke the Court's jurisdiction under the cited provisions.

With regard to paragraph 3, Defendant denies that it is engaged in any conduct sufficient to invoke the Court's jurisdiction under ERISA.

With regard to paragraph 4, Defendant does not sponsor the cited programs and Funds, nor does it jointly employ clerical and administrative staff.

With regard to paragraph 6, Defendant did not by itself establish the Plan.

With regard to paragraph 7, the allegation inaccurately claims that the Plan is funded solely by employer contributions. The Trust Agreement does not in fact require the same per hour contribution to the Plan.

With regard to paragraph 8, Long was not employed as an administrative assistant "for the Union's Benefit Plans".

With regard to paragraph 9, Long did not inquire of Sullivan concerning "the accuracy" of the contributions; rather she demanded a higher contribution rate than what the Union felt she was entitled to. Long did not make the request as alleged to G. Chandler Beals. Sullivan did in fact respond to Long's inquiry by, among other things, referring her to the Department of Labor.

With regard to paragraph 10, the factual basis is stated in the denial.

With regard to paragraph 12, Long has never alleged that the Union "failed to compensate her for all hours worked."

With regard to paragraph 13, Long did not inform Sullivan in June, 2002 of complaints to the U.S. DOL, EBSA and Wage and Hour.

With regard to paragraph 14, Long's termination was motivated by her own misconduct, as set forth elsewhere in these answers, not by any complaints regarding the contribution rate or wages due.

With regard to paragraph 15, the conduct set forth in paragraphs 13 and 14 has been denied.

With regard to paragraph 16, the conduct alleged in paragraphs 13 and 14 has been denied.

**Interrogatory:**

7. Provide the factual and/or legal bases for each and every affirmative defense Defendant asserts in its Answer to the Complaint filed on April 21, 2006.

**Supplemental Response:** By agreement of the parties, Defendant will respond to the extent of its factual basis for the denials.

With regard to the First Affirmative Defense, the parties reached a comprehensive settlement of the dispute, whereby Defendant would pay Long $28,000.00 in full settlement of her claims, and Long would execute a general release. The parties negotiated the terms of the release, reaching agreement on all but a few items. Defendant then reneged on its agreement when Long refused to execute any release whatsoever.

With regard to the Second Affirmative Defense, Long is not a party to the Complaint.

With regard to the Third Affirmative Defense, Long's dismissal predates the filing of the Complaint by greater than two years.

With regard to the Fourth Affirmative Defense, Local 57 is not an employer within the meaning of ERISA.

With regard to the Fifth Affirmative Defense, Long failed to engage in a good faith search for work following her termination in that she failed to seek employment with comparable employers, failed to register with employment agencies or search firms, failed to seek employment within her field, failed to seek employment with comparable compensation, failed to seek employment

with more than a handful of potential employers and failed to seek employment at all after June, 2003.

With regard to the Sixth Affirmative Defense, Defendant has expressed the basis for the termination elsewhere in these responses.

Signed under the pains and penalties of perjury.

________________________
James White

**CERTIFICATION**

I hereby certify that I mailed a true copy of the within, postage pre-paid, on the 5 day of October, 2006 to the following:

Gail Glick, Esquire
Employee Benefits Security Administration
J.F. Kennedy Federal Building
Officer of the Solicitor
Room E-375
Boston, MA 02203

________________________