UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | * | |
| Plaintiff, | * | CIVIL ACTION |
| v. | * | FILE NO. 06-78 S |
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 57, | * | |
| Defendant. | * | |

**PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE**

Pursuant to the Court's Pretrial Order dated May 31, 2006, the factual discovery in this matter is scheduled to close by October 23, 2006. For the reasons set forth below, Plaintiff seeks to extend the deadline for completing discovery.

Plaintiff has been prevented from proceeding with a series of depositions due to the fact that Defendant failed to submit written discovery responses to Plaintiff in a timely manner and prior to the dates scheduled for Plaintiff's depositions; Defendant failed to provide adequate responses to Plaintiff's written discovery requests when its belated responses were finally produced; Defendant failed to cure deficiencies in its supplemental responses to Plaintiff's written discovery requests, notwithstanding Plaintiff's efforts to confer. Plaintiff has filed a Motion to Compel which is presently pending before the Court.

Plaintiff seeks an extension of time in order to obtain adequate discovery responses from Defendant and to complete the depositions she has been endeavoring to take for the last several weeks, but for Defendant's obstructionist tactics, as described herein.

Statement of Facts

1. On June 29, 2006, Plaintiff served on Defendant Plaintiff's First Set of Interrogatories and First Requests for Production of Documents.

2. With a brief extension of time granted by Plaintiff, Defendant agreed to have Defendant's responses to Plaintiff no later than August 11, 2006. Plaintiff received no responses from Defendant by August 11, 2006.

3. On September 6, 2006, Plaintiff noticed depositions of Defendant's officers and employees for September 27 and 28, 2006 in Providence, RI.

4. Throughout the first three weeks of September, Plaintiff's counsel phoned Defendant's counsel numerous times and left voice messages inquiring as to the whereabouts of Defendant's responses. Defendant's attorney never returned Plaintiff's counsel's phone calls.

5. On the afternoon of September 27, 2006, Defendant's responses were received in Plaintiff's Boston office -- several hours after the depositions were scheduled to begin that morning in Providence, RI. Defendant's responses contained a cover letter dated September 22, 2006 and indicate the responses were sent by regular mail.

6. Plaintiff reasonably anticipated reviewing and utilizing Defendant's written discovery responses in preparation for her depositions of Defendant's officers and employees. The belated submission of Defendant's responses made that impossible.

7. On Wednesday, September 27, 2006, at the commencement of the first deposition at 10 a.m., Plaintiff's counsel inquired as to the whereabouts of Defendant's discovery responses from Defendant's counsel. After repeatedly refusing to discuss the matter, Defendant's counsel admitted that the written discovery responses were sent on

Friday, September 22, 2006. Defendant's counsel did not present Plaintiff with a copy of the written discovery responses which he had with him prior to starting the deposition. Nevertheless, Plaintiff's counsel was prepared to commence the depositions on the condition that Defendant agree to hold open the depositions until such time as there was an opportunity for her to review Defendant's discovery responses, when and if they were ever received. Because Defendant's counsel refused, Plaintiff had no alternative but to reschedule the depositions.

8. On September 28, 2006, Plaintiff noticed the depositions for October 11 and 13, 2006. Defendant subsequently requested that the depositions be rescheduled to October 13 and 18, 2006, because several deponents would be in Las Vegas and, hence, unavailable.

9. Defendant's responses to both Plaintiff's interrogatories and document requests, which were ultimately received on the afternoon of September 27, 2006 -- forty-two days overdue -- were incomplete and evasive. Plaintiff treated this as a failure to answer pursuant to Fed. R. Civ. P. 37(a)(3). By letter dated September 28, 2006, Plaintiff communicated to Defendant those deficiencies and asked him to confer in an attempt to resolve the outstanding issues, pursuant to Fed. R. Civ. P. 37. On October 4, 2006, Plaintiff and Defendant conferred. Plaintiff reiterated her request for adequate responses to identified Interrogatories and Document Requests, and that Plaintiff be in receipt of such adequate responses on or before October 6, 2006.

9. On October 5, 2006, Plaintiff received Defendant's Supplemental Responses. Those supplemental responses contained continuing deficiencies. By letter dated October 6, 2006, Plaintiff communicated to Defendant her demand for more adequate responses, and indicated a deadline of no later than October 11, 2006 in view of the impending rescheduled depositions. Plaintiff further communicated she would consider rescheduling the

depositions to October 13 and 18 on the condition that she be in receipt of adequate supplemental discovery responses no later than October 11, 2006.

10. To date, Plaintiff has not received any additional supplemental responses, and has, accordingly, filed a Motion to Compel Discovery with this Court on this date.

## Discussion

As there is a pending Motion to Compel before the Court, Plaintiff is unable to schedule her depositions until there is a ruling from the Court and, if so determined, adequate written response made by Defendant. Inasmuch as Plaintiff intends (and has intended) to conduct depositions promptly and efficiently, because of Defendant's obstructionist tactics coupled with the impending discovery deadline of October 23, 2006, Plaintiff is now faced with the practical challenge of scheduling five depositions within a very abbreviated time frame. Accordingly, Plaintiff respectfully moves to extend the deadline for the completion of discovery in this matter until such time as the Court rules on her Motion to Compel, and if so determined, Plaintiff receives adequate discovery responses from Defendant and is able to complete her depositions.

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

*/s/ Gail E. Glick*
Gail E. Glick
Attorney

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
U.S. Department of Labor

Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

DATE: October 13, 2006