**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, Plaintiff, | : | |
| v. | : | C.A. No. 06-78S |
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 57 Defendant. | : | |

**DEFENDANT'S OBJECTION TO**
**PLAINTIFF'S MOTION TO COMPEL**
**RESPONSES TO INTERROGATORIES**

Defendant International Union of Operating Engineers, Local 57 hereby objects to Plaintiff's Motion to Compel Responses to Interrogatories for the reasons set forth in the accompanying Memorandum of Law.

Respectfully submitted,
On behalf of Defendant,
By its attorneys,

/s/ Elizabeth Wiens

Elizabeth Wiens, Esq. (#6827)
Marc Gursky, Esq. (#2818)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd. Ste. C
North Kingstown, R.I. 02852
Tel.(401) 294-4700
Fax (401) 294-4702

CERTIFICATION

I hereby certify that I electronically filed the within Objection on October 31, 2006. The Objection is available for viewing and downloading from the Court's Electronic Case Filing system.

/s/ Elizabeth Wiens

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, Plaintiff, | : | |
| v. | : | C.A. No. 06-78S |
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 57 Defendant. | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES**

Defendant International Union of Operating Engineers, Local 57 hereby objects to Plaintiff's Motion to Compel Responses to Interrogatories for the reasons set forth below.

**Discussion**

By agreement of the parties, Defendant provided the factual bases for its denials and affirmative defenses. The parties agreed that Defendant would not have to provide the legal bases for its denials and affirmative defenses. In any event, Plaintiff is not entitled to know the legal bases for Defendant's answers because they are protected by attorney client privilege and work product. Moreover, with the exception of paragraph 5, which Defendant inadvertently failed to supplement (it supplemented paragraph 4, instead), Defendant has provided facts in support of its statements.

**Interrogatories At Issue**

**I. Interrogatory No. 6:**

Provide the factual and/or legal bases for each and every denial Defendant asserts in its Answer to the Complaint filed on April 21, 2006. [Defendant asserted denials to paragraphs 2, 3, 5, 7, 14, 15 and 16 of the Complaint].

**Supplemental Response**: By agreement of the parties, Defendant will respond with the factual basis for its denials only.

**A.** **Complaint Paragraph 2:** The Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and Section 17 of the FLSA, 29 U.S.C. § 217.

**Response:** With regard to paragraph 2 of the Complaint, Defendant denies that it is engaged in any conduct sufficient to invoke the Court's jurisdiction under the cited provisions.

**Argument:** Whether the Court has jurisdiction over this action is by and large a legal question. However, Defendant did provide the factual/legal bases for its denial. Section 29 USCS § 217 grants this court jurisdiction, "for cause show, to restrain violations of section 15 [29 USCS § 215], including in the case of violations of section 15(a)(2) [29 USCS § 215(a)(2)] the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this Act." Defendant denies that it engaged in any conduct which constitutes a violation of the aforementioned cited provision. Likewise, Defendant denies that it violated 29 U.S.C. § 1140. Therefore, it has not engaged in conduct sufficient to invoke the Court's jurisdiction.

**B.** **Complaint Paragraph 3:** Venue with respect to this action lies in the District of Rhode Island pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).

**Response:** With regard to paragraph 3, Defendant denies that it is engaged in any conduct sufficient to invoke the Court's jurisdiction under ERISA.

**Argument:** Again, the question of proper venue is generally a legal question. To the extent that the legal issue is intertwined with a factual issue, Defendant states that it has not engaged in conduct sufficient to invoke the Court's jurisdiction over this action, and, consequently, without jurisdiction, venue is improper.

**C.** Defendant inadvertently omitted its supplemental response to paragraph 5 and will supplement.

**D.** **Complaint Paragraph 7:** The Plan, a defined contribution plan, is funded solely by employer contributions made in accordance with applicable collective bargaining agreements and at fixed rates per payroll hours. Pursuant to the Plan's Trust agreement, all employees of the Union, which as of June, 1996 included office workers of the Union and its affiliated programs and funds, are to receive the same per hour contribution amount to the Plan.

**Response:** With regard to paragraph 7, the allegation inaccurately claims that the Plan is funded solely by employer contributions. The Trust Agreement does not in fact require the same per hour contribution to the Plan.

**Argument:** Defendant has cited facts in support of its denial.

**E. Complaint Paragraph 13:** In June 2002, Long informed Edwin Sullivan, Jr. of complaints she filed with the United States Department of Labor, Employee Benefits Security Administration and Wage and Hour Division. On June 20, 2002, Long was terminated from her employment with the Union.

**Response:** With regard to paragraph 13, Long did not inform Sullivan in June, 2002 of complaints to the U.S. DOL, EBSA and Wage and Hour.

**Argument:** Defendant has cited facts in support of its denial.

**F. Complaint Paragraph 14:** Long's termination of employment was motivated by the Union's intent to retaliate against Long for complaining about the Union's alleged discrepant hourly contribution rate to the Annuity Plan and the Union's failure to pay back wages due and owing for al hours she worked.

**Response:** With regard to paragraph 14, Long's termination was motivated by her own misconduct, as set forth elsewhere in these answer, not by an complaints regarding the contribution rate or wages due.

**Argument:** Defendant has cited facts in support of its denial.

**G. Complaint Paragraph 15:** As a result of the conduct set forth at paragraphs 13-14, Defendant IUOE violated ERISA § 510, 29 U.S.C. § 1140, by terminating Long's employment in retaliation for her complaining about Defendant's IUOE's hourly contribution rate to the Annuity Plan.

**Response:** With regard to paragraph 15, the conduct set forth in paragraphs 13 and 14 has been denied.

**Argument:** Defendant already provided factual support for its denial of paragraph's 13 and 14 in paragraphs 13 and 14 of its supplementary answers.

**H. Complaint Paragraph 16:** As a result of the conduct set forth at paragraphs 13-14, Defendant IUOE knowingly and willfully violated FLSA § 15(a)(3), 29 U.S.C. § 215(a)(3), by terminating Long's employment in retaliation for her complaining about Defendant's IUOE's failure to compensate her for all hours worked.

**Response:** With regard to paragraph 16, the conduct set forth in paragraphs 13 and 14 has been denied.

**Argument:** Defendant already provided factual support for its denial of paragraph's 13 and 14 in paragraphs 13 and 14 of its supplementary answers.

**II. Interrogatory No. 7**:

Provide the factual and/or legal bases for each and every affirmative defense Defendant asserts in its Answer to the Complaint filed on April 21, 2006.

**Supplemental Response:** By agreement of the parties, Defendant will respond to the extent of its factual basis for the denials.

**A. Affirmative Defense No. 2:** The Complaint is barred for failure to join an indispensable party, Roberta Long.

**Response:** With regard to the Second Affirmative Defense, Long is not a party to the Complaint.

**B. Affirmative Defense No. 3:** The action is barred by the applicable period of limitations.

**Response:** With regard to the Third Affirmative Defense, Long's dismissal predates the filing of the Complaint by greater than two years.

**Arguments:** Again, both of these answers provide factual support for Defendant's Affirmative Defenses.

**Conclusion**

For the foregoing reasons, Defendant respectfully requests that Plaintiff's Motion to Compel be denied.

Respectfully submitted,
On behalf of Defendant,
By its attorneys,

/s/ Elizabeth Wiens
Elizabeth Wiens, Esq. (#6827)
Marc Gursky, Esq. (#2818)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd. Ste. C
North Kingstown, R.I. 02852
Tel.(401) 294-4700
Fax (401) 294-4702

CERTIFICATION

I hereby certify that I electronically filed the within Objection on October 31, 2006. The Objection is available for viewing and downloading from the Court's Electronic Case Filing system.

/s/ Elizabeth Wiens